[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit first came to this Court by a complaint dated September 19, 1996 and returnable October 8, 1996, claiming a decree dissolving the marriage, sole custody of minor children with rights of reasonable visitation to the Defendant, support for minor children, sole possession of jointly owned marital premises and a fair and equitable property settlement.
Motions for exclusive possession, temporary custody and support, and an affidavit in compliance with Connecticut General Statutes (C.G.S.) § 46b-99 accompanied the complaint, as did a notice of lis pendens for certain real estate.
On December 23, 1996, the Court, Solomon, J., entered an order of joint custody of the minor children, awarded interim possession of the Potash Hill residence to the Plaintiff and reasonable rights of visitation to the Defendant without prejudice.
On January 21, 1997, the Defendant filed a pro se appearance.
On January 30, 1997, the matter was dismissed by the Court, Solomon, J., but on the filing of an appearance on February 18, CT Page 4383 1997 by counsel for the Defendant, the Defendant's motion to open the dismissal was granted by the Court.
Certain motions were thereafter filed with the Court along with financial affidavits.
On December 18, 1997, the City of Norwich, by counsel, appeared, but at trial it was represented to the Court that the City of Norwich had no interest in the proceedings.
The matter came on for hearing by the Court on March 10, 1998.
Both the Plaintiff and the Defendant with their respective counsel were present during the entire proceedings.
The Court makes the following findings of fact.
The Plaintiff and the Defendant were married on September 28, 1985 in Mystic.
Both of the parties have been residents of this State for more than one year.
There are two minor children of this marriage, namely: Jessica Rene Houle, born June 30, 1986 and Stephen James Houle, born May 5, 1983.
The marriage has broken down irretrievably.
The Defendant left the marital home in June 1996.
The Defendant has required periodic hospitalization for medical problems incident to her 1978 automobile accident where she was a passenger and has been admitted to several facilities for treatment and counseling. See Defendant's Exhibits C and D.
The Defendant has been in the past subject to certain probate proceedings, but is not presently under a conservatorship or guardianship.
On occasion, the Defendant has resided with her parents.
In November 1997, the Defendant established her own residence in Pawcatuck. CT Page 4384
The Defendant sold a Chevrolet pickup truck belonging to the Plaintiff, for which she received $1,000.00.
The Defendant has at times operated a cleaning business, a Mary Kay endeavor and has made hand-crafted baskets and allied items.
The Defendant at one time worked for Dairy Mart.
The Defendant some time ago received an inheritance, amounting to $5,000.00, which has been spent.
Until June of 1997, the Plaintiff had health insurance for himself and family incident to his employment with Electric Boat as a pipefitter.
Plaintiff now has health coverage for himself alone incident to his new position with Millstone, Northeast Utilities, where he is employed as a laborer.
The Plaintiff has a vested pension incident to his work at Electric Boat where he was employed for 17 years beginning in 1980.
The Plaintiff presently is the primary custodial parent of the two minor children.
The Defendant has not been able to make any contribution to the support of the children recently, due to her financial circumstances and health problems.
Since the parties have been separated, visitation by the Defendant with the children has gone well.
The real estate jointly owned by the Plaintiff and Defendant, located at 41 Potash Hill Road in Sprague, was acquired in 1993, the land being given by the Plaintiff's mother and aunt.
A residence was built on the parcel of land in 1993 with Eastern Savings and Loan holding the mortgage.
The Plaintiff's education extended through two years of college, the Defendant's one year. CT Page 4385
The parties started dating in 1979.
The Plaintiff and Defendant had resided together before marriage in 1981.
Plaintiff's parents loaned the parties $11,000.00 incident to completing the residence at Potash Hill Road.
The parties have participated in counseling.
The Plaintiff has two children by a prior union, and these children resided with the parties and children of this union for six years.
According to the testimony, Family Services has visited the Plaintiff's home and everything was found to be in order.
The residence of the parties where the Plaintiff and children reside has three bedrooms and two baths.
Medical coverage for the children of this union will be available to the Plaintiff in June 1998 incident to his employment at Millstone.
The Plaintiff's health is good, as is the health of the two children, one child, however, requires medication.
The Defendant now resides at Mohegan Park Apartments where she has been for the last seven months.
In December of 1978, the Defendant was involved in an automobile accident where she suffered a contusion of the brain and was in a coma for four days.
The Defendant has received medical treatment over the ensuing years due to this injury.
At one time, the Defendant worked at the Mystic Seaport for eight years.
The Defendant currently has no medical insurance coverage.
The Defendant has from time to time been on a variety of medication. CT Page 4386
The Defendant is 36 years old, the Plaintiff is 45 years old.
There is a mobile home on the Potash Hill Road grounds in addition to the residence, which is rented out by the Plaintiff for $500.00 monthly.
The Defendant's financial affidavit discloses that she is employed as a cashier at D.B. Marketing Inc. in Norwich, where her gross weekly earnings are $123.13, and net $109.71.
Additional income to the Defendant consists of $20.26 weekly from Social Security Disability.
Defendant's weekly expenses are $181.46, according to her financial affidavit.
Defendant's debts, according to her affidavit, are $13,574.90.
The parties both value the Potash Hill Road property at $100,000.00, with a mortgage of $74,000.00.
The resultant total equity is $26,000.00.
The Defendant owns a 1996 Mitsubishi Mirage motor vehicle with a zero equity, which her parent helped to finance.
The Plaintiff's financial affidavit reflects gross weekly income from his position at Millstone of $386.37, with a net of $313.86.
Plaintiff shows additional income from the rental of the mobile home of $115.47 weekly.
The Plaintiff's weekly expenses as shown on his affidavit, are $727.01.
The plaintiff affidavit discloses $13,100.00 in debt.
Plaintiff owns a 1993 Ford with an equity of $3,500.00.
Plaintiff has an SSIP (Stock Savings Investment Plan) at Electric Boat valued at $26,386.50. See Defendant's Exhibit A.
Defendant's Exhibit C reflects her having suffered a serious CT Page 4387 brain injury. See also Defendant's Exhibit D regarding subsequent evaluation and treatment.
See Defendant's Exhibit E for verification of her earnings at D.B. Marketing Co., Inc., resulting in net pay of $104.08.
The 1994 federal tax return of the parties reflects the following. See Defendant's Exhibit B.
Defendant's gross income from house cleaning $530.00, expenses $1,229.00, resulting in a loss of $1,154.00.
Income from the rental of the trailer $6,000.00, which after expenses and taxes resulted in $2,726.00, net income.
The 1994 tax return reflects wages of $33,028.00 being the wages income of the Plaintiff.
The 1995 federal tax return of the parties reflects the following. See Plaintiff's Exhibit 1.
Gross income to the Defendant from cleaning services $3,284.00, less expenses of $983.00, for a net profit of $2,301.00.
Gross rental income from the trailer located at 39 Potash Hill Road, $6,000.00, expenses $2,804.00, net income $2,739.00.
The 1995 tax return reflects wages of $32,303.00 being the wage earnings of the Plaintiff.
The State of Connecticut tax returns for 1994 and 1995 are in conformity with the Federal returns.
The Plaintiff has assisted the Defendant with providing furnishings, furniture and allied items in order that her residence be adequately and suitably furnished.
The two children visit with the Defendant one at a time.
Prior to her 1978 accident, the Defendant was involved in many outgoing social activities.
The Defendant has been assisted by a number of social agencies and the church in helping her cope with problems, CT Page 4388 emotional and material.
The Plaintiff's vested pension benefits would be payable at age 65 in the amount of $478.50 monthly, plus $64.46 per month pension improvement.
The testimony indicated some substance and/or alcohol abuse during the early part of the marriage by both parties.
The Defendant terminated any such conduct when she became pregnant.
The Defendant finds her present employment stressful.
The Defendant feels that the children are in an appropriate setting with the Plaintiff and the care he extends to them.
The child, Stephen, had to be treated some time ago for a strep infection of the left hip and the child was operated on at Yale-New Haven Hospital.
The Defendant's housing is subsidized and her rent is $212.00 monthly.
During the marriage, the Defendant managed the home, prepared the food, did laundry and all allied duties.
The child, Stephen, requires medication for hyperactivity, Ritalin, and is affected by attention deficit disorder.
The Law
At the time of entering a decree annulling or dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other.
In fixing the nature and value of the property, if any, to be assigned the Court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. CT Page 4389
The Court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.
C.G.S. § 46b-81 (a) and (c).
The Court also considers C.G.S. § 46b-82.
The Court enters the following orders mindful of the circumstances of the parties, their respective financial positions, the problems that beset the Defendant, mindful of her 1978 accident, and the welfare of the children.
As to the real estate at 41 Potash Hill Road in Sprague:
The Defendant shall convey and set over to the Plaintiff by quit claim deed all of her right title and interest to said realty and receive from the Plaintiff one-half of the present equity in said premises to wit $13,000.00, subject to the following.
1. The Plaintiff shall indemnify and hold the Defendant harmless as concerns the mortgage debt thereon.
2. In the event that the Plaintiff is unable within 60 days to accomplish this payment by refinancing or otherwise, then and in that event, the Plaintiff shall execute a mortgage deed and note to the Defendant in said amount to wit $13,000.00 with interest at the prevailing rate, due and payable in any event within four years from date of the judgment of dissolution of the marriage.
It is the Court's concern that the home be maintained for the principle welfare and betterment of the two children and the stability it hopefully will provide.
Joint custody of the two minor children, Jessica and Stephen, with the Plaintiff father being the principal custodial parent.
Reasonable rights of visitation with the Defendant to include the Plaintiff consulting with the Defendant as to the needs, health, education and discipline of the children in such manner as to promote their welfare and happiness.
The Plaintiff to provide, as soon as available, through his CT Page 4390 employment, medical and dental coverage for the children.
The Plaintiff to pay the Defendant the sum of $500.00, being her equity share of the trailer located on the Potash Road property, the same to be paid within 60 days.
The Defendant shall be entitled to have and receive one-half of the Plaintiff's SSIP (Stock Savings Investment Plan) with Electric Boat, to wit 1/2 of $26,386.50.
The Defendant is awarded alimony in the amount of $1.00 per year for a period of six years.
Due to the modest circumstances of each of the parties, and their lack of substantial financial resources, the Court enters no orders as to attorney's fees.
The Defendant having asked for the restoration of her maiden name of McGuire, the Court grants the request.
No order of support is entered as to the Defendant due to her financial circumstances.
The Plaintiff shall be entitled to take the two children as tax exemptions on his return.
The Plaintiff may retain his Chelsea-Groton checking account, the Charter Oak checking account, the savings bond and his motor vehicle.
The Defendant may retain her motor vehicle, all household and furnishings now in her possession, and her Chelsea-Groton checking account.
The Plaintiff shall be responsible for the following debts, medical bills for his son, Stephen, amounting to approximately $3,000.00, credit cards $1,500.00, and the debt due Plaintiff's parents in the amount of $11,000.00.
The parties to be jointly responsible for any medical expenses incurred for the care of the children until Plaintiff's coverage for them goes into effect in June.
Austin, J. CT Page 4391